# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: YOUNGSTOWN** ) | **CASE NO. 5:06 MC 0005** |
| **OSTEOPATHIC HOSPITAL** ) | |
| **ASSOCIATION,** ) | **BNK CASE. NO. 99-40663** |
| ) | **ADV. PRO. NO. 02-6118** |
| **Debtor.** ) | |
| _____ ) | |
| **HAROLD SANDROCK, et al.,** ) | |
| ) | |
| **Petitioners,** ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **v.** ) | |
| ) | **MEMORANDUM OPINION** |
| **YOUNGSTOWN OSTEOPATHIC** ) | **AND ORDER** |
| **HOSPITAL ASSOCIATION,** ) | |
| ) | |
| **Respondent.** ) | |

This matter is before the Court upon Defendant Board Members' Motion To Withdraw Reference To Bankruptcy Court. (Dkt. #1).

## I.  FACTUAL BACKGROUND

This action arises from proceedings regarding the Chapter 11 bankruptcy petition filed by Youngstown Osteopathic Hospital Association ("YOH" or "Respondent"). See In re Youngstown Osteopathic Hospital Association, Case No.: 99-40663 (Bankr. N.D. OH.). On March 9, 2001, YOH initiated an adversary proceeding against former officers and

directors, members of the Board of Trustees ("Defendant Board Members" or "Respondent"), and management of Youngstown Osteopathic Hospital. See In re Youngstown Osteopathic Hospital Association, Case No.: 02-06118 (Bankr. N.D. OH.). The adversary complaint alleged nine separate counts of malfeasance ranging from breach of fiduciary duty and negligence to violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. (Adversary Dkt. #1).

At the suggestion of United States Bankruptcy Court Judge Bodoh, the parties submitted briefs on the propriety of the district court withdrawing reference to the bankruptcy court of the adversary complaint. (Adversary Dkt. #'s 39, 40). In an order entered on September 10, 2001, Judge Bodoh concluded that the complaint contained matters that are not core proceedings, and accordingly referred the case to the United States District Court pursuant to 28 U.S.C. § 157. (Adversary Dkt. #41). On June 28, 2002, this Court issued a memorandum opinion and order denying the motion to withdraw reference pursuant to 28 U.S.C. § 157(d) and stated the following:

> The appropriateness of removal of the case to a District Court for trial by jury...will become a question ripe for determination if and when the case becomes trial-ready. Therefore, despite the fact that Defendants have not expressly consented to a jury trial in the Bankruptcy Court, Judge Bodoh's significant experience and familiarity with both the Bankruptcy Code and the facts of this case ensure that he is in the best position to continue supervising this case toward resolution. Should trial ultimately become necessary, this Court will revisit whether withdrawal of reference is necessary. Although the motion is properly raised at this time, withdrawal of reference at this time would be premature.

See In re Youngstown Osteopathic Hospital Association, Case No. 1:02 MC 51 (N.D. Ohio 2002).

On July 30, 2002, Judge Bodoh recused himself pursuant to 28 U.S.C. § 455, and the matter was transferred to United States Bankruptcy Judge Kendig (the "Bankruptcy Court"), where it has since remained. (Adversary Dkt. #52).

From 2002 through 2004, the parties conducted discovery. (Adversary Dkt. #'s 63, 82). At the close of discovery, all parties filed motions for summary judgment. (Adversary Dkt. #'s 149–51, 153, 155–59, 163–67, 171, 173–75, 178–83, 185–89). The Bankruptcy Court ruled on these motions and the following claims remain in the adversary proceeding:

    Count I - breach of fiduciary duty
    Count II - negligence
    Count III - negligent hiring, negligent supervision, and negligent retention
    Count VII - concert of action and conspiracy
    Count VIII - misrepresentation

(Adversary Dkt. #194 at 56–57).

Petitioners assert that discovery in the adversary proceeding is now complete, that summary judgment motions have been filed and ruled upon, and that the adversary proceeding is now "trial-ready." Petitioners, therefore, request pursuant to 28 U.S.C. § 157(d) that the Court withdraw its reference of this case to the Bankruptcy Court.

## II. LAW AND ANALYSIS

The Bankruptcy Amendments and Federal Judgeship Act of 1984 (the "Bankruptcy Act") vests in the district courts original jurisdiction over all cases arising under Title 11 of the Bankruptcy Code, see 28 U.S.C. § 1334(b), but also permits the federal courts to refer bankruptcy cases automatically to the bankruptcy judges for the district. See 28 U.S.C. § 157(a). The Bankruptcy Act provides, however, for such reference to be

withdrawn in limited situations.

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause show. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 [11 U.S.C. §§ 101 et. Seq.] and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

This statute, which courts generally interpret restrictively, contains two distinct provisions: the first sentence allows permissive withdrawal, while the second sentence requires mandatory withdrawal in certain situations. See In re Southern Indus. Mech. Corp., 266 B.R. 827 (W.D. Tenn. 2001); In re Vicars Ins. Agency, Inc., 96 F.3d 949, 952 (7th Cir. 1996). Because withdrawal of a reference is not intended to be an "escape hatch" from bankruptcy court into district court, courts prefer to grant such relief only in a limited class of proceedings. See In re White Motor Corp., 42 B.R. 693 (N.D. Ohio 1984). The moving party has the burden of proving that the reference should be withdrawn. See In re Michigan Real Estate Ins. Trust, 87 B.R. 447 (E.D. Mich. 1988); In re Vicars, 96 F.3d at 949.

Petitioners concede there are no claims remaining in the adversary proceeding that would require a substantial and material consideration of non-Bankruptcy federal law and that, therefore, mandatory withdrawal is not required in this case. (Dkt. #1, Petitioners' Mem. In Support at 5–6). Petitioners, on the other hand, assert that permissive withdrawal is appropriate and that sufficient "cause" exists to withdraw the Bankruptcy reference.

The permissive withdrawal provision contained in 28 U.S.C. § 157(d) allows a district court to withdraw any proceeding "for cause shown."  Although Section 157 does not define "cause," the courts of appeals and district courts almost uniformly rely on essentially the same factors for determining whether cause for withdrawal exists.

> (1) whether the claim is core or non-core;
> (2) whether the claim is legal or equitable;
> (3) whether the claim is triable by a jury;
> (4) the most efficient use of judicial resources;
> (5) reduction of forum shopping;
> (6) conservation of parties' resources;
> (7) uniformity of bankruptcy administration;
> (8) the economical use of parties' resources; and
> (9) the court's knowledge of the facts.

See In re Orion Pictures Corp., 4 F.3d at 1101 (2nd Cir. 1993); accord Dionne v. Simmons, 200 F.3d 738, 741 (11th Cir. 2000); Security Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1008 (9th Cir. 1997); In re Pruitt, 910 F.2d at 1165 (3d Cir. 1990); Holland v. LTV Steel Co., 288 B.R. 770, 774 (N.D. Ohio 2002).  See also Holmes v. Grubman, 315 F.Supp.2d 1376, 1381 (M.D. Ga. 2004); In re Lars, Inc., 290 B.R. 467, 469 (D. P.R. 2003); In re Coe-Truman Technologies, Inc., 214 B.R. 183, 187 (N.D. Ill. 1997).  In applying and weighing these factors, courts emphasize the congressional intent to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy.  See Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec. Corp., 106 B.R. 367, 370 (D. Del. 1989) (quoting Allard v. Benjamin (In re Delorean Co.), 49 B.R. 900, 912 (Bankr. E.D. Mich. 1985)).

**A.  Whether the Claim is Core or Non-Core**

5

The term "core" aries from Section 157 of the Bankruptcy Code which provides that Bankruptcy Judges "may hear and determine all cases under Title 11 and all core proceedings arising under Title 11, or arising in a case under Title 11, referred under subsection (a)." See 28 U.S.C. § 157(b)(1). The Bankruptcy Code does not define what actions constitute a core proceeding; however, it does provide a non-exclusive list of core proceedings: matters concerning the administration of the estate, id. § 157(b)(2)(A); orders to turn over property of the estate, id. § 157(b)(2)(E); proceedings to determine, avoid, or recover fraudulent conveyances, id. § 157(b)(2)(H); and other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims, id. § 157(b)(2)(O).

A non-core proceeding is a proceeding "otherwise related to" a case under Title 11, and may also be heard by a bankruptcy judge. See 28 U.S.C. § 157(c)(1). In considering non-core issues, however, a bankruptcy court, rather than issuing a final judgment, must submit proposed findings of fact and conclusions of law to the district court. See Roberds, Inc. v. Palliser Furniture, 291 B.R. 102, 104 (S.D. Ohio 2003). Any final judgment or order regarding a non-core issue will be entered by the district court, after reviewing *de novo* those matters to which a party has timely and specifically objected. Id. The resolution of a core/non-core issue, therefore, can have a practical effect on whether to withdraw reference, and judicial economy could be served by withdrawing reference of a non-core proceeding. See In re Orion, 4 F.3d at 1101.

Petitioners assert that all of the remaining claims are non-core. The Court agrees. A core proceeding "either invokes a substantive right created by federal bankruptcy law or one which could not exist outside of the bankruptcy." Sanders Confectionery Products v. Heller Financial, 973 F.2d 474, 483 (6th Cir. 1992); see In re Wolverine Radio Co., 930 F.2d 1132, 1144 (6th Cir. 1991); accord In re U.S. Brass Co., 110 F.3d 1261, 1268 (7th Cir.1997) ("Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state law."); Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 773–74 (8th Cir. 1995) (finding that non-core proceedings do not invoke substantive rights created by federal bankruptcy law and could exist outside of bankruptcy, even though they may be related to a bankruptcy); Phar-Mor, Inc. v. Coopers & Lybrand, 22 F.3d 1228, 1234–35 (3rd Cir. 1994); In re Wood, 825 F.2d 90. 96–97 (5th Cir. 1987). Thus, state law claims that exist independently of the bankruptcy case and could be filed independently but-for the bankruptcy, are non-core matters. In re Nationwide Roofing & Sheet Metal, Inc., 130 B.R. 768, 778 (Bankr. S.D. Ohio 1991). Additionally, the timing of the claim affects the determination of whether a claim is core or non-core. Claims based on acts occurring prior to a debtor's bankruptcy petition are most likely non-core. See In re 610 W. 142 Owners Corp., 219 B.R. 363, 370 (Bankr. S.D.N.Y. 1998) (stating that the pre-petition timing of trustee's claims aided a finding that the claims were non-core).

The remaining claims in the instant adversary proceeding are breach of fiduciary duty, negligence, negligent hiring/retention/supervision, civil conspiracy, and misrepresentation. These are all state law tort claims which are based on state created rights, not federal bankruptcy law; these claims exist independently of the bankruptcy case and could be resolved in a state court absent the bankruptcy filing. See Sanders, 973 F.2d at 483; Wood, 825 F.2d at 97. Indeed, courts examining these types of claims have found them to be non-core. See In re Stonebridge Tech., Inc., 430 F.3d 260, 267 (5th Cir. 2005) (finding claim for negligent misrepresentation to be non-core); Barge v. Western S. Life. Ins. Co., 307 B.R. 541, 544–45 (S.D. W.Va. 2004) (finding claim for negligent misrepresentation to be non-core); Sago v. Wal-Mart Stores, Inc., 280 F.Supp.2d 578, 587 (S.D. Miss. 2003) (finding claim for civil conspiracy to be non-core); In re Bliss Technologies, Inc., 307 B.R. 598, 607–10 (Bankr. E.D. Mich 2004) (finding breach of fiduciary duty claim to be non-core); In re Premier Hotel Dev. Group, 270 B.R. 243, 253 (Bankr. E.D. Tenn. 2001) (finding claims of misrepresentation and conspiracy non-core as to the non-debtors); In re Dayton Title Agency, Inc., 264 B.R. 880, 884 (Bankr. S.D. Ohio 2000) (finding claim for breach of fiduciary duty non-core); In re RDM Sports Group, Inc., 260 B.R. 915, 918–19 (Bankr. N.D. Ga. 2001) (finding breach of fiduciary duty, negligence, and civil conspiracy non-core); In re Sys. Engineering & Energy Mgmt. Assoc., Inc., 252 B.R. 635, 651 (Bankr. E.D. Va. 2000) (finding breach of fiduciary duty and civil conspiracy non-core); In re 610 W. 142 Owners Corp., 219 B.R. at 370 (finding claims for negligence and breach of fiduciary duty non-core). Additionally, the remaining claims

relate exclusively to allegations of pre-petition conduct.  See In re 610 W. 142 Owners Corp., 219 B.R. at 370; (Adversary Dkt. #194) (discussing pre-petition facts).

The court, therefore, concludes that all remaining claims in the adversary proceeding are non-core.  Consequently, the bankruptcy court cannot enter final judgment on these claims.  Instead, any final judgment or order will be entered by the district court after *de novo* review of those matters to which a party timely and specifically objects.  See Roberds, 291 B.R. at 104.

### B. Whether the Claim is Legal or Equitable and the Right To a Jury Trial

The next factor to consider in determining if "cause" exists for a permissive withdrawal of reference is whether the asserted claim is legal or equitable, because the nature of the cause of action—legal or equitable—determines whether plaintiffs are entitled to a jury trial.  See In re Energy Resources Co., Inc., 49 B.R. 278 (Bankr. D. Mass. 1985).  The Seventh Amendment of the United States Constitution preserves the right to a jury trial "[in] suits at common law."  U.S. CONST. AMEND. VII.  Assessing whether the Seventh Amendment provides for a jury trial in a specific case "depends on the nature of the issue to be tried rather than the character of the overall action."  Ross v. Bernhard, 396 U.S. 531, 538 (1970).  In the Sixth Circuit,

> [t]he chief focus to be made when determining whether a jury trial right exists is the nature of the relief sought.  If the remedy sought is injunctive relief and/or back pay, no jury trial right attaches.  In the ordinary case, if the relief sought includes compensatory and/or punitive damages, then there does exist a right to trial by jury.

Hildebrand v. Board of Trustees of Mich. St. Univ., 607 F.3d 705, 708 (6th Cir. 1979).  All

9

of the remaining claims are tort claims and legal in nature. Petitioners, therefore, are entitled to a jury trial.[1]

Indeed, Petitioners timely requested a jury trial in their Answer to the Adversary Complaint. (Adversary Dkt.#18). The parties, however, do not consent to a jury trial in the bankruptcy court. The Bankruptcy Act provides:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

28 U.S.C. § 157. Absent such designation by the district court or the consent of the parties, bankruptcy courts within the Sixth Circuit do not have the authority to conduct jury trials. See In re Baker & Getty Financial Servs., Inc., 954 F.2d 1169, 1172–73 (6th Cir. 1992); Roberds, 291 B.R. at 104. Accordingly, the matter must be tried in district court. See Roberds, 291 B.R. at 104; accord Control Center LLC v. Lauer, 288 B.R. 269, 279 (M.D. Fla. 2002).

### C. Whether the Claim is Triable By a Jury (or "Trial Ready")

Although it is clear that a Bankruptcy Court may not conduct a jury trial without the consent of all parties, it does not necessarily follow that the reference of all such cases must be withdrawn. See In re Adelphi Institute, Inc., 112 B.R. 534, 539 (S.D.N.Y.1990). "A rule that would require a district court to withdraw a reference simply because a party is

---

[1] Respondent apparently disputes that Petitioners have a right to a jury trial. Respondent utterly fails to clarify or support this assertion with supporting case law or even with the argument that the claims are equitable.

entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme." In re Kenai Corp., 136 B.R. 59, 61 (S.D.N.Y.1992).  District courts have refused to withdraw the reference where adversary proceedings are in their initial stages, reasoning that bankruptcy judges are fully equipped with the tools to proceed in pretrial matters without interference by the district courts.  See In re Adelphi, 112 B.R. at 539 (recognizing that a bankruptcy judge may adjudicate pretrial matters not requiring the "final order or judgment" reserved to the district court under section 157(c)(1)); see also In re CIS Corp., 172 B.R. 748, 763–64 (S.D.N.Y. 1994); In re Keene Corp., 182 B.R. 379 (S.D.N.Y. 1995).  Withdrawal of the reference based on the ground that a party is entitled to a jury trial should be deferred until the case is "trial ready."  See In re Northwestern Institute of Psychiatry, Inc., 268 B.R. 79, 84 (E.D. Pa. 2001) (citing In re Commercial Financial Services, Inc., 239 B.R. 586, 596 (N.D. Okla. 1999).

This Court has already denied withdrawal of the instant proceeding because the matter, at that time, was not trial ready.  See In re Youngstown Osteopathic Hospital Association, Case No. 1:02 MC 51 (N.D. Ohio 2002).  Petitioners assert that the case is now trial ready.  All fact discovery is complete, and the Bankruptcy Court has made summary judgment determinations as to all claims.

Respondent argues the matter is not yet trial ready because expert discovery is incomplete.  The parties, in compliance with Rule 26(a)(2) of the Federal Rules of Civil Procedure, have not yet exchanged final expert reports.  The Federal Rules allow that where

11

the court does not direct a date for expert discovery, the parties must produce expert reports 90 days before trial. See FED. R. CIV. PRO. 26(a)(2)(C). The Bankruptcy Court set no date for expert discovery, and no trial date. Consequently, there is no date set for the exchange of export reports, the parties have not taken depositions, and Respondent has no obligation to produce its expert reports. (Adversary Dkt. #106, Bankruptcy Court's Memorandum of Decision at 8).

It appears, that in order for expert discovery to be completed and for this matter to become trial ready either the Bankruptcy Court must direct dates for expert discovery or a trial date must be set. Aside from completion of expert discovery, this matter is trial ready.

### D.  Judicial Economy, Efficiency, and Conservancy of Parties' Resources

The Court has determined that all remaining claims are non-core and that, therefore, the bankruptcy court cannot render final judgment on such claims. See Roberds, 291 B.R. at 104. Indeed, because a bankruptcy court's findings of fact on non-core issues are subject to *de novo* review in the district court, see 28 U.S.C. § 158, a bankruptcy court jury verdict and resulting judgment in a non-core proceeding would be only advisory in nature. In re Ramex Int'l Inc., 91 B.R. 313, 316 (E.D. Pa. 1988). If either party objected to the jury's findings, the required *de novo* review would mandate a second jury trial in district court. Id. In such a case it would be judicially inefficient to allow a related non-core matter to proceed by jury trial in bankruptcy court. Id. Moreover, this matter cannot proceed to jury trial in bankruptcy court, because the parties do not consent to the bankruptcy court's jurisdiction. See See Roberds, 291 B.R. at 104. District courts, therefore, as a matter of

judicial economy, efficiency and conservancy of parties' resources, may withdraw the reference of non-consensual, non-core proceedings. See In re Orion, 4 F.3d at 1101; In re Ramex Int'l Inc., 91 B.R. 313, 316 (E.D. Pa. 1988). See also Sibarium v. NCNB Texas Nat'l Bank, 107 B.R. 108 (N.D. Tex. 1989); In re Second Pine, Inc., 107 B.R. 48 (E.D. Pa. 1989); Manley Truck Line, Inc. v. Mercantile Bank of Kansas City, 106 B.R. 696 (D. Kan. 1989).

Judicial economy, expediency and conservancy of the parties' resources weigh heavily in favor of granting Petitioners' motion and withdrawing the reference of this matter. All remaining claims in the adversary proceeding are non-core claims requiring consideration of Ohio tort law and *de novo* review by the district court. Furthermore, they are legal claims to which a constitutional right to a jury trial attaches. The parties do not consent to a jury trial in the bankruptcy court. Accordingly, trial must be in the district court. On the other hand, the Bankruptcy Court is familiar with the complex facts of this case and, because it has overseen the liquidation of YOH, has an interest in deciding this case. The Court, however, finds that the non-core nature of the remaining claims, the Petitioners' Seventh Amendment right to a jury trial, the parties' lack of consent to a jury trial in Bankruptcy Court, and the *de novo* review by the district court of any judgment entered by the Bankruptcy Court outweigh these considerations.

The remaining factor affecting the Court's determination is whether the adversary proceeding is trial ready. As discussed, *supra*, aside from completion of expert discovery, the matter is trial ready, and expert discovery cannot be completed until a trial date is set.

The Bankruptcy Court cannot set a trial date in this matter because of Petitioners' Seventh Amendment jury trial right and lack of consent to trial before the bankruptcy court. The scheduling of expert discovery, therefore, if this matter is to proceed, must be done by the district court. Accordingly, the Court finds there is "cause shown" for withdrawal of the reference of the instant adversary proceeding to bankruptcy court. See 28 U.S.C. § 157(d).

### III.  CONCLUSION

For the foregoing reasons, Defendant Board Members' Motion To Withdraw Reference To Bankruptcy Court (Dkt. #1) is hereby **GRANTED**. The parties are already scheduled to appear before the Court on August 14, 2006 at 10:30 a.m. for a Status Conference. Counsel shall appear in person. Furthermore, the parties shall submit position papers, by facsimile or electronic mail, to the Court and opposing counsel two days in advance of the conference. The position papers shall summarize the status of discovery and inform the Court of how much time the parties will need to complete expert discovery. Additionally, the position papers shall summarize the status of settlement negotiations and inform the Court of any particular matters the parties wish to have discussed during the Status Conference.

**IT IS SO ORDERED.**

>                               */s/ Peter C. Economus* **– 8/08/06**
>                               **PETER C. ECONOMUS**
>                               **UNITED STATES DISTRICT JUDGE**